IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAMMY DUTTON,<br><br>Plaintiff,<br><br>vs.<br><br>ASCEND LEARNING HOLDINGS, LLC; ASSESSMENT TECHNOLOGIES INSTITUTE, LLC; and JOHN DOES A-E,<br><br>Defendants. | CV 15-147-M-DLC-JCL<br><br>ORDER |

Defendants Ascend Learning Holdings, LLC and Assessment Technologies Institute, LLC (collectively "Ascend") move in limine to preclude Plaintiff Tammy Dutton from introducing evidence, presenting argument, or making inquiry during jury voir dire with respect to three categories of information. Having considered the parties' respective arguments, the Court rules as follows:

A.   **Ascend's Financial Condition**

This aspect of Ascend's motion is granted, subject to the exception that if Dutton prevails in the initial phase of trial on her request for punitive damages she may introduce evidence regarding Ascend's financial condition as appropriate in the second phase of trial on the issue of the proper award of punitive damage.

1

B.  **Ascend's Corporate Domicile**

This aspect of Ascend's motion is denied to the extent Dutton may reference Ascend's domicile in the State of Kansas in order to provide background facts for a thorough voir dire.  But the motion is granted to the extent Dutton may not argue Ascend's domicile has any bearing on the issues presented for resolution.

C.  **Defense Counsel and His Firm's Domicile**

Again, Dutton may reference defense counsel and his firm's domicile in Denver, Colorado in order to provide background facts for a thorough voir dire.  Thus, this aspect of Ascend's motion is denied.  But the motion is granted to the extend Dutton may not argue the domicile of defense counsel has any bearing on the issues presented for resolution.

IT IS SO ORDERED.

DATED this 26th day of January, 2017.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge