IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAMMY DUTTON,<br><br>    Plaintiff,<br><br> vs.<br><br>ASCEND LEARNING HOLDINGS, LLC; ASSESSMENT TECHNOLOGIES INSTITUTE, LLC; and JOHN DOES A-E,<br><br>    Defendants. | CV 15-147-M-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

  Defendants Ascend Learning Holdings, LLC and Assessment Technologies Institute, LLC (collectively "Ascend") move for summary judgment dismissing Plaintiff Tammy Dutton's statutory claim for relief under Mont. Code Ann. § 39-71-317(1), alleging she was discharged from her employment with Ascend for filing a claim for workers' compensation benefits. For the reasons discussed below, it is recommended that Ascend's motion be denied.

**I.** **Background**

1

Dutton was hired by Ascend on July 9, 2012, as an "Integration Specialist." During the course of her employment, Dutton resided in Montana, working remotely both in and out of Montana. Ascend terminated Dutton's employment sometime between February 10, 2015 and March 2, 2015. Dutton claims she was wrongfully terminated in retaliation for filing a claim for workers' compensation benefits.[1]

Ascend retorts that Dutton's termination was based upon her lack of productivity with respect to an "important project" assigned to her in late 2014. And Ascend asserts that no individual involved in the decision to terminate Dutton was aware of her workers' compensation claim prior to the time the decision to terminate Dutton was made, albeit, not communicated to Dutton. Thus, Ascend narrowly frames its motion for summary judgment upon the argument that Dutton has failed to come forward with any evidence to rebut the sworn testimony of other Ascend employees, which Ascend contends establishes the individuals responsible for Dutton's termination could not have been motivated by the fact

---

[1] Mont. Code Ann. § 39-7-317(1) makes it illegal to terminate a worker for filing a claim for workers' compensation benefits. To prove a retaliatory discharge for filing a workers' compensation claim, an employee must show that she was discharged and that her employer's motive in discharging her was to retaliate for her filing a claim under the Workers' Compensation Act. *Lyeck v. United Parcel Service*, 851 P.2d 1041, 1045 (Mont. 1993).

Dutton had filed a claim for workers' compensation benefits.

Contrary to Ascend's argument, there exists a genuine issue as to whether or not Ascend, through its managerial employees, terminated Dutton in retaliation for her filing a workers' compensation claims – a fact that is material to her claim for relief.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56 entitles a party to summary judgment if the evidentiary materials of record show there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either: (1) negates an essential element of the nonmoving party's claim, or (2) shows that the nonmoving party does not have enough evidence of an essential element to ultimately carry his burden at trial. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party has satisfied its initial burden, the nonmoving party must set forth through supporting evidentiary materials "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the nonmoving party. *Anderson v. Liberty*

*Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id*. at 248.

"In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *abrogated on other grounds as noted in Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

### III. Discussion

To sustain its initial burden, Ascend relies upon the sworn statements of its employees involved in the supervision of Dutton, her termination, and the filing of her workers' compensation claim. First, Ascend points to the declaration of Jaimie Fiorucci-Hughes, Dutton's direct supervisor who made the decision to terminate Dutton. Fiorucci-Hughes states she had no knowledge of Dutton's workers' compensation claim. Rather, she states she had difficulty making contact with Dutton during January 2015 regarding the "important project." After three failed attempts on January 8, 13, and 15 to obtain a summary of Dutton's work on the project, Fiorucci-Hughes states she investigated Dutton's "productivity." She contemporaneously conferred with Project Director Michael Coggins regarding Dutton's progress on the project, after which she determined Dutton's employment

4

should be terminated.

Sometime around February 2, 2015, Fiorucci-Hughes advised Human Resources Director Jeffrey Wilson of her decision to terminate Dutton's employment. Wilson provided Fiorucci-Hughes with "talking points" to guide her in terminating Dutton's employment during a planned phone call. On February 10, 2015, Fiorucci-Hughes and Wilson telephoned Dutton and notified her that her employment was terminated. Both Wilson and Coggins likewise deny having knowledge of Dutton's workers' compensation claim *prior* to the time Fiorucci-Hughes notified them of her decision to terminate Dutton. Wilson does acknowledge he was made aware of Dutton's claim after being advised by Fiorucci-Hughes around February 2, 2015, of her intention to terminate Dutton but prior to the actual notification to Dutton on February 10, 2015.

Based upon the evidentiary materials it has submitted, Ascend has sustained its initial burden of production showing that Dutton does not have enough evidence to sustain her burden at trial that Ascend terminated her in retaliation for filing her workers' compensation claim. The determinative question then is whether Dutton has demonstrated the existence of a genuine dispute upon the issue of retaliation. The question must be answered in the affirmative.

To begin with, Dutton points to evidence that Ascend's decisionmakers

knew she had filed a workers' compensation claim before they notified her on February 10, 2015, that her employment was being terminated. It is agreed between the parties that on December 17, 2014, Dutton informed both her supervisor Fiorucci-Hughes and Project Manager Coggins by way of e-mail that she had injured her wrist and was working "a bit slower." (Doc. 42, at 2-3). It is also undisputed that the e-mail did not indicate the injury was work related. (Doc. 44-2). The parties also agree that on the next day, December 18, 2014, she notified HR Coordinator Andrew Tricomi-Duran that she had sustained a workplace injury on November 21, 2014 (doc. 42, at 3), and a workers' compensation claim was filed on her behalf that same day. At some point before Dutton was told of her discharge on February 10, 2015, Tricomi-Duran notified Wilson that Dutton had filed a workers' compensation claim. (Doc. 44-1, at 10). Armed with that knowledge, Wilson prepared the talking points for Fiorucci-Hughes to address while advising Dutton that she was being discharged and participated in the February 10, 2015, telephone call.

Dutton also relies on the temporal proximity between the date she filed her workers' compensation claim and date she was discharged to show that Ascend's decisionmakers may have had a discriminatory motive for terminating her employment. Dutton filed her workers compensation claim on December 18,

6

2014, and was advised of the decision to terminate her employment just two months later, on February 10, 2015. Such "[t]emporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases." *Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003). Here, the temporal proximity between the time Dutton filed her workers compensation claim and the date she was discharged could give rise to an inference that the two events were connected.

This is so particularly in light of evidence that Dutton had consistently received satisfactory work performance reviews and supervisory evaluations before she filed her workers' compensation claim. (Doc. 44, at 11-13). Because Dutton's only claim is a statutory one for retaliation based on her workers' compensation claim, whether Ascend otherwise had good cause to terminate her employment is not at issue. As Ascend correctly points out, this means that Dutton's performance history is not relevant for purposes of establishing that she was discharged without good cause. But Dutton's performance history is nevertheless relevant for a different purpose, namely, to establish that Ascend's real motive for discharging her was to retaliate against her for filing a workers' compensation claim.

The temporal proximity between Dutton's discharge and the filing of her

workers' compensation claim, together with Dutton's satisfactory performance history and evidence that Wilson knew about Dutton's workers' compensation claim before she was discharged, is sufficient to raise a fact question as to whether Ascend had a retaliatory motive for terminating her employment. Because Dutton has come forward with sufficient evidence to support a reasonable inference that Ascend discharged her for filing a workers compensation claim in violation Monta. Code Ann § 39-7-317(1), Ascend's motion for summary judgment on her statutory claim should be denied.

Ascend further argues that Dutton's claim for punitive damages is subject summary dismissal for the same reasons that her statutory claim fails. But because Dutton's statutory claim survives summary judgment, so too does her claim for punitive damages.

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Defendant's Motion for Summary Judgment be DENIED. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings and recommendation must be filed on or before February 3, 2017. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (the court need not give the parties the full statutory period set forth in 28 U.S.C. §

636(b)(1) within which to file objections).

DATED this 27th day of January, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge