IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAMMY DUTTON,<br><br>      Plaintiff,<br><br>vs.<br><br>ASCEND LEARNING HOLDINGS, LLC; ASSESSMENT TECHNOLOGIES INSTITUTE, LLC; and JOHN DOES A-E,<br><br>      Defendants. | CV 15-147-M-DLC-JCL<br><br>ORDER |

Plaintiff Tammy Dutton moves in limine to preclude Defendants Ascend Learning Holdings, LLC and Assessment Technologies Institute, LLC (collectively "Ascend") from introducing evidence, presenting argument, or making inquiry during jury voir dire with respect to six categories of information. Having considered the parties' respective arguments, the Court rules as follows:

    **A.**    **Tammy Dutton's Medical Condition and Treatment Post-Dating Termination**

Dutton's sole claim for damage is one for emotional distress allegedly emanating from Ascend's termination of her employment. As a general proposition, when a plaintiff seeks to recover damages for emotional distress, she

1

opens the door to cross-examination regarding other potential causes for the emotional distress from which she purportedly suffers. There are, of course, limits to the scope of cross-examination. The decision as to whether evidence of a particular life stressor may be probative of the potential cause of the emotional stress claimed by a plaintiff is best made in the context of trial. That is particularly true where, as here, Dutton does not identify the specific medical condition or treatment to which her motion is directed. Consequently, this aspect of Dutton's motion is denied subject to her right to voice objection at trial to the admissibility of particular evidence and/or cross-examination relating to her medical condition or treatment.

### B. Tammy Dutton's Financial Condition

Dutton argues Ascend should be precluded from making inquiry into her "financial condition." But it is entirely unclear what particulars Dutton is concerned about. Again, a plaintiff's economic situation may prove probative of the cause of that individual's claimed emotional stress. Again, however, the determination of whether specific evidence regarding Dutton's "financial condition" is inadmissible cannot be made in a vacuum and is best left for determination at trial. This aspect of Dutton's motion is denied subject to her right to voice objection at trial to the introduction of evidence and/or cross-examination

on the subject.

  C.  **Tammy Dutton's Collateral Source Income**

This aspect of Dutton's motion is denied.

It is true, as a general proposition, that evidence of collateral source benefits is not to be presented to a jury charged with determining a plaintiff's right to recover monetary compensation in actions "arising from bodily injury or death." Mont. Code Ann. § 27-1-308(3). And, of course, "'collateral source' means a payment for something that is later included in a tort award and that is made to or for the benefit of a plaintiff..." Mont. Code Ann. § 27-1-307(1).

Here, Dutton was, and may still be receiving workers' compensation benefits for a work-related injury which occurred while she was employed by Ascend. The fact she has received, and might continue to receive those benefits, standing alone, would be inadmissible. But if Dutton's claim of emotional distress is predicated upon the assertion that loss of income because of her termination was a cause of her emotional distress, her receipt of workers' compensation benefits would prove relevant to the resolution of her claim. The relevance of Dutton's receipt of workers' compensation benefits must be made in the context of trial.

  D.  **Additional Evidence Relating to Tammy Dutton's Discharge**

Dutton argues that Ascend should be precluded from offering evidence, not

known to Ascend at the time it discharged her, but that bolsters Ascend's stated reason for discharge. Analogizing this retaliatory discharge case under Mont. Code Ann. § 39-71-317 (prohibiting termination of employment for filing a workers' compensation claim) to a claim under Montana's Wrongful Discharge from Employment Act ("WDEA), Mont. Code Ann. §§ 39-2-901 *et seq.*, Dutton asserts Ascend may not present a reason justifying Dutton's discharge that was not expressly set forth in the operative communication effecting the discharge.

The Court agrees with Dutton that the decisional law which has evolved with respect to the WDEA should inform the Court's determination as to what evidence Ascend may present relative to its reasons for discharging Dutton. In *Schwartz v. Metro Aviation, Inc.*, 2009 WL 352599 (D. Mont. 2009), this Court explained its understanding of Montana decisional law as it bears upon the admissibility of additional reasons or information the employer wishes to assert that substantiates its stated reason for discharge. It was first emphasized in *Schwartz* that in general an employer may only rely on the reasons stated in its original discharge communication to an employee. *Schwartz*, 2009 WL 352599 at *5. But the Court hastened to note that "additional evidence relied upon by an employer which tends to prove the truth of the original articulated reason for the discharge is relevant and admissible." *Id*. (citing *Jarvenpaa v. Glacier Electric*

*Cooperative, Inc.*, 970 P.2d 84, 90 (Mont. 1998)). Implicit in this statement is the fact the additional evidence must have been known to the employer at the time of discharge.

It is unclear from the parties' briefing, the precise evidence Ascend may seek to offer in an attempt to substantiate the reasons communicated to Dutton for her discharge. Therefore, this aspect of Dutton's motion is denied. Dutton is obviously free to object to the introduction of any such evidence at trial. And in the context of trial the Court will be in the best position to determine whether the evidence at issue is inadmissible under the general rule or not.

### E. Testimony of Michael Coggins

Dutton moves to preclude Michael Coggins from presenting testimony regarding her work on the "High Risk Initiative" project – the project on which Dutton was working at the time of her termination. Dutton contends any testimony by Coggins would constitute inadmissible hearsay because he has no personal knowledge regarding her work product. Having reviewed the parties' arguments regarding Coggins, the Court finds it does not have the necessary information to make an informed decision regarding the admissibility of his purported testimony. Therefore, this aspect of Dutton's motion is denied. In the event Ascend seeks to present Coggins as a witness at trial, Dutton will be

5

afforded the opportunity to voir dire him and make her objections to his testimony at that time.

F. **Admissibility of E-mails**

This aspect of Dutton's motion is denied, subject to her right to object to the disputed e-mails in the context of trial.

IT IS SO ORDERED.

DATED this 30th day of January, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge