IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAMMY DUTTON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ASCEND LEARNING HOLDINGS, LLC; ASSESSMENT TECHNOLOGIES INSTITUTE, LLC; and JOHN DOES A–E,<br><br>　　　　Defendants. | CV 15–147–M–DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on January 27, 2017, recommending denial of Defendants' Motion for Summary Judgment. Defendants timely filed objections and are therefore entitled to de novo review of those Findings and Recommendation to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because

-1-

the parties are familiar with the factual background of this case, it will not be repeated here.

## I. First Objection

Defendants lodge two objections to the Findings and Recommendation. First, Defendants argue that Judge Lynch erred by finding that:

> At some point before [Plaintiff Tammy] Dutton was told of her discharge on February 10, 2015, [Andrew] Tricomi-Duran notified [Jeff] Wilson that Dutton had filed a workers' compensation claim. Armed with that knowledge, Wilson prepared the talking points for [Jaimie] Fiorucci-Hughes to address while advising Dutton that she was being discharged and participated in the February 10, 2015, telephone call.

(Doc. 61 at 6.) The Defendants contend this factual statement is in error because the undisputed facts of this case show that Jeff Wilson ("Wilson"), Ascend's Human Resources Director, did not know of Plaintiff Tammy Dutton's ("Dutton") workers' compensation claim before drafting the script for the termination meeting. To support this argument, Defendants rely on the testimony of Human Resources Coordinator Andrew Tricomi-Duran ("Tricomi-Duran") who testified that he told Wilson about the claim when Dutton "was terminated or [when] her employment ended." (Doc. 69-2 at 4.) Based upon this statement, Defendants argue, retaliation was a literal and factual impossibility because Wilson and Jaimie Fiorucci-Hughes ("Fiorucci-Hughes") did not know about the claim when the

decision to terminate Dutton was made.

Upon review of the record, the Court finds that there is a genuine dispute of fact as to whether Wilson knew about Dutton's claim when he drafted the termination script. Wilson testified that he did not know about the claim when the decision was made to terminate Dutton. (Doc. 69-3 at 3.) However, he stated he was aware of the claim when Dutton was actually terminated on February 10, 2015. (*Id.*) Wilson testified that he learned about Dutton's claim from Tricomi-Duran. (*Id.*) Tricomi-Duran testified that he would have only told Wilson about the claim when he was told that Dutton had been terminated. (Doc. 69-2 at 4.) However, Tricomi-Duran testified that he told Wilson about the claim *after* Dutton had already been fired:

| Dutton's attorney: | Now, earlier today, Jeff Wilson testified that he remembers you telling him that Tammy had a work comp claim at some point. And so do you remember talking to Jeff Wilson about Tammy's work comp claim? |
|---|---|
| Tricomi-Duran: | It only would have been when I was told she was terminated or her employment ended. I would have only mentioned it then. |
| Dutton's attorney: | Why is that? |
| Tricomi-Duran: | There would have been no other reason. |
| Dutton's attorney: | Well, why did you tell him when she was terminated? |

| | |
|---|---|
| Tricomi-Duran: | Why did I tell him [when] she was terminated? |
| Dutton's attorney: | Yeah. Why did you tell him at all? |
| Tricomi-Duran: | Oh, I would just mention it as -- just to let them know at that time being -- |
| Dutton's attorney: | Okay. |
| Tricomi-Duran: | I mean, being in HR, in those situations, things can come back around. So I wanted him to just be aware of that, and I had spoken to her, too. |
| Dutton's attorney: | Okay. First of all, who -- who had you spoken to? |
| Tricomi-Duran: | Tammy. |
| Dutton's attorney: | Okay. In what way? |
| Tricomi-Duran: | She called me after she found out that she was terminated. I don't know if the same -- |
| Dutton's attorney: | Okay. |
| Tricomi-Duran: | I don't know if it was the same day, but it was very -- it could have been the same day that she found out. |

(*Id*. at 3-4.) Based upon this testimony, it appears that Dutton had already been fired and Tricomi-Duran had already discussed the termination with Dutton before he told Wilson about the claim. However, this contradicts Wilson's testimony that he knew about the claim before the February 10, 2015 termination meeting. Thus,

-4-

Wilson is either misrepresenting or mistaken about when he found out about the workers' compensation claim, or Tricomi-Duran is. This discrepancy creates a credibility issue for the jury and presents a genuine issue of fact as to whether Wilson knew about the claim when either the decision to terminate Dutton was made or when he drafted the termination script.

Regardless, though, the Court agrees with Defendants that is not clear that Wilson knew about the claim when he drafted the termination hearing script. However, based upon the discussed factual record, it is also not clear that he was unaware of the claim when the script was drafted. As such, the Court modifies the Findings and Recommendation to read:

At some point before Dutton was told of her discharge on February 10, 2015, Wilson testified that Tricomi-Duran had notified him that Dutton had filed a workers' compensation claim. (Doc. 44-1 at 10.) Possibly armed with that knowledge, Wilson prepared the talking points for Fiorucci-Hughes to address while advising Dutton that she was being discharged and participated in the February 10, 2015, telephone call.

**II. Second Objection**

Next, Defendants object to Judge Lynch's conclusion that the motion should be denied because the temporal proximity between when Dutton filed her claim and when she was terminated "support[s] a reasonable inference that Ascend

discharged her for filing a workers compensation claim in violation [of Montana Code Annotated] § 39–7–317(1) . . . ." (Doc. 61 at 8.) Primarily, Defendants contend that because it is undisputed that Fiorucci-Hughes did not know about the claim when she decided to terminate Dutton, temporal proximity of the two events cannot support a claim of retaliation. Defendants cite to *Clark County School District v. Breeden*, 532 U.S. 268 (2001) (per curium) in support.

In *Breeden*, the United States Supreme Court determined that the temporal proximity between the filing of a lawsuit and the transfer of an employee, the alleged retaliatory action, could not "establish a dispute substantial enough to withstand the motion for summary judgment." *Breeden*, 532 U.S. at 274. However, in *Breeden*, no one in the company was aware of the lawsuit when the decision to transfer the employee was contemplated. *Id.* at 272 (though the lawsuit was filed before transfer was discussed, the employer was not aware of complaint until one day after transfer was contemplated).

Here, in contrast, Wilson was aware of the workers' compensation claim before Dutton was terminated. Further, Tricomi-Duran knew about the claim before Fiorucci-Hughes discussed Dutton's termination with Wilson. This is important for two reasons. First, unlike in *Breeden* where no one in the organization was aware of the lawsuit before the alleged retaliatory action was

discussed, Ascend, through Tricomi-Duran, knew about the claim before the decision to terminate Dutton was made. Second, as discussed in Defendants' first objection, there appears to be a discrepancy as to when Tricomi-Duran told Wilson about the workers' compensation claim. This discrepancy creates a fact issue for the jury in that it could support the inference that Ascend discharged Dutton in retaliation for filing the claim. This is an issue for the jury. Defendants' second objection is thus overruled.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendation for clear error and, finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 61) are ADOPTED IN PART and MODIFIED IN PART in accordance with the above Order.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 40) is DENIED.

Dated this 13th day of February, 2017.

Dana L. Christensen, Chief District Judge
United States District Court